IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Sterling L. Harley, #278871, ) | |
| ) | Civil Action No. 2:16-cv-03925-RMG-MGB |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| ) | |
| South Carolina Department of Correction, ) | |
| ) | |
| Defendant. ) | |

The Plaintiff, proceeding *pro se* and *in forma pauperis*, brought this action pursuant to Title 42, United States Code, Section 1983. This matter is before the Court upon Defendant's Motion to Dismiss (Dkt. No. 12.) For the reasons set forth herein, the undersigned recommends granting Defendant's motion.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

The Plaintiff brought the instant action against the Defendant South Carolina Department of Corrections ("SCDC") on or about December 13, 2016. (*See generally* Dkt. No. 1.) On January 12, 2017, Defendant filed a Motion to Dismiss. (Dkt. No. 12.) By order filed January 12, 2017, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 14.) On or about February 6, 2017, Plaintiff filed a Response in Opposition to the Motion to Dismiss, to which Defendant filed a Reply. (*See* Dkt. No. 18; Dkt. No. 19.)

**ALLEGED FACTS**

Plaintiff states that he seeks to litigate the following in the case *sub judice*: "breech [sic] of security, gross negligence, failure to protect + serve, [and] failure to properly secure me." (Dkt. No.

1

1 at 2 of 5.) He alleges that on November 2, 2016, he was being escorted by the unit manager "alone with serve [sic] other inmate[s] on the yard going to the cafeteria for lunch." (Dkt. No. 1 at 3 of 5.) According to Plaintiff, this "result[ed] in other inmates from another unit [being] on the yard at the same time, when it [is] suppose[d] to be control[led] movement at all times[,] one unit at a time." (*Id.*) Plaintiff states (verbatim),

> Due to the fact it lead and had been stab multiple times by two other inmates Samuel Khardiys #365739 in Tyrone Weeks # 360126 by homemade shanks which result in me going to the hospital with eight stab wounds to the body upper part + one to the index finger that went all the way threw fraction my bone, then put me and solitary confinement for 30 days in put right back on the same yard with the same inmates who tried to take my life and I fear for my life. I ask serve times for an separation to be ship to another institutional the state fell to do that.

(Dkt. No. 1 at 3 of 5.) In the "Relief" section of his Complaint, Plaintiff states that he seeks the following (verbatim): "I would like for this court to move forth with an lawsuit and immediately ask for an separation from this institutional away from the other two inmates, also look into this matter at hand." (Dkt. No. 1 at 5 of 5.)

## DISCUSSION

As noted above, Defendant seeks dismissal of the instant action. (*See* Dkt. No. 12.) Defendant contends that this court lacks subject matter jurisdiction "on the grounds that the relief sought by Plaintiff has been satisfied." (Dkt. No. 12 at 1.) Defendant states,

> In the present action, Plaintiff's claim for relief against Defendant is rendered moot because Plaintiff is no longer housed at RCI [(Ridgeland Correctional Institution)] and is separated from inmates Samuel and Weeks. On December 21, 2016, Plaintiff was transferred to Turbeville Correctional Institution ("TCI") in Turbeville, South Carolina. Inmates Samuel and Weeks are both still housed at RCI, which is 115 miles away from TCI. The sole relief sought by Plaintiff is "for an (sic) separation from this institution [RCI] away from the other two inmates [Samuel and Weeks] . . . ." [ECF No. 1 at 5.]

(Dkt. No. 12 at 3.)[1]

---

[1]According to SCDC's inmate locator, Inmate Samuel remains at Ridgeland Correctional Institution, while Inmate Weeks is located at Tyger River Correctional Institution. *See* http://public.doc.state.sc.us/scdc-public/.

The alleged attack on Plaintiff occurred at Ridgeland Correctional Institution. (*See* Dkt. No. 1 at 2-3 of 5.) On or about January 13, 2017, Plaintiff provided the Court with a new address, indicating that he was now being housed at Turbeville Correctional Institution. (*See* Dkt. No. 17; *see also* Dkt. No. 18-1.)

"[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claim for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) (citations omitted). As stated in *Incumaa v. Ozmint*, 507 F.3d 281 (4th Cir. 2007),

> Mootness questions often arise in cases involving inmate challenges to prison policies or conditions, and courts, including our own, have held that the transfer of an inmate from a unit or location where he is subject to the challenged policy, practice, or condition, to a different unit or location where he is no longer subject to the challenged policy, practice, or condition moots his claims for injunctive and declaratory relief, even if a claim for money damages survives. The reasons for finding mootness in such a context are clear. Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim. Any declaratory or injunctive relief ordered in the inmate's favor in such situations would have no practical impact on the inmate's rights and would not redress in any way the injury he originally asserted. And the newly situated inmate has no further need for such declaratory or injunctive relief, for he is free of the policy or practice that provoked his lawsuit in the first place.

*Incumaa*, 507 F.3d at 286-87 (citations omitted).

Here, Plaintiff's transfer to Turbeville Correctional Institution mooted his claim for injunctive relief against the Defendant SCDC. *See Incumaa*, 507 F.3d at 286-87; *see also Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (finding that the plaintiff's transfer to another institution "rendered moot" his "claims for injunctive and declaratory relief, since he is unlikely to return to Hoke and since he, himself, requested the transfer in order to facilitate family visitation rights"); *Taylor v. Rogers*, 781 F.2d 1047, 1048 n. 1 (4th Cir. 1986) (holding that a prisoner transfer mooted a request for declaratory and injunctive relief, but not a request for money damages).

In his Response in Opposition to the Motion to Dismiss, Plaintiff states (verbatim),

3

> I Sterling Harley would like to move forward with my motion at this time on the behalf of Ridgeland Correctional Inst. Due to the fact of lack of subject-matter jurisdiction failed to protect me while + their care and I feel that at this time my safety was not protected to the best of my ability and been that I got stab eight times with a homemade shank I'm really mentally scared I'm havein restless nights cold sweats can't sleep that's why I'm askin this office to move forward with my civil suit on behalf of my traumatized they also fail to secure me after my damage + pain in suffering that's the reason I'm suein I don't think just b/c they separate me don't relief my pain + suffering.

(Dkt. No. 18.)

Defendant's Motion to Dismiss (Dkt. No. 12) should be granted. As noted above, Plaintiff's claim for injunctive relief is now moot. To the extent Plaintiff states that he would like to seek damages against SCDC, Plaintiff cannot recover damages from the South Carolina Department of Corrections in the case *sub judice*. The Eleventh Amendment provides: "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State or by citizens or subjects of any foreign state." In enacting 42 U.S.C. § 1983, Congress did not intend to override the doctrine of States' sovereign immunity found in the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67 (1989). As the Supreme Court stated in *Will*,

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

*Will*, 491 U.S. at 66 (citation omitted).[2]

Sovereign immunity protects both the State itself and its agencies, divisions, departments, and other "arms of the State." *See Will*, 491 U.S. at 70; *see also Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997) ("It has long been settled that the reference [in the Eleventh Amendment]

---

[2]While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case. Congress has not abrogated the states' sovereign immunity under § 1983, *see Quern v. Jordan*, 440 U.S. 332 (1979), and South Carolina has not consented to suit in federal district court. *See* S.C. CODE ANN. § 15-78-20(e).

to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). As a state agency, SCDC is an arm of the State of South Carolina, and Plaintiff may not recover monetary damages from SCDC in the case *sub judice*. *See Belcher v. S.C. Bd. of Corrs.*, 460 F. Supp. 805, 809 (D.S.C. 1978) ("[T]he court must dismiss . . . [t]he South Carolina Department of Corrections . . . as plaintiff seeks to impose a liability upon [it] which would require payment from public funds which is impermissible under the Eleventh Amendment."); *see also Jones v. McMaster*, Civ. A. No. 4:08-2892-CMC-TER, 2008 WL 4680565, at *3 (D.S.C. Oct. 21, 2008) ("[T]o the extent Plaintiff seeks monetary damages from the State of South Carolina, South Carolina Department of Corrections, and/or South Carolina Department of Probation, Parole, and Pardon Services, he is barred from going forward because of Eleventh Amendment immunity.").

The undersigned notes that, based on Plaintiff's filings, he may be attempting to pursue a failure to protect case pursuant to 42 U.S.C. § 1983. That statute states, in relevant part,

> Every ***person*** who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983 (emphasis added). Plaintiff, however, did not name any "person" as a Defendant in the instant action. *See, e.g., Allison v. Cal. Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "persons" subject to suit under 42 U.S.C. § 1983); *Conley v. Ryan*, 92 F. Supp. 3d 502, 519 (S.D. W. Va. 2015) ("Section 1983 claims must be raised against a 'person.'"). To the extent Plaintiff wishes to bring suit against a "person" pursuant to § 1983, Plaintiff should file a Motion to Amend his Complaint on or before June 22, 2017.[3] *See* FED. R. CIV. P. 15.

---

[3]Should Plaintiff file a Motion to Amend, Plaintiff should also attach a proposed Amended Complaint to his motion, along with proposed service documents (a Form USM-285 and a summons for each person Plaintiff intends to name as a Defendant).

## **CONCLUSION**

Wherefore, it is RECOMMENDED that Defendant's Motion to Dismiss (Dkt. No. 12) be GRANTED.

IT IS SO RECOMMENDED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

June 5, 2017
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).