IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Sterling L. Harley, #278871, ) | Civil Action No. 2:16-3925-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER AND OPINION |
| ) | |
| South Carolina Department of Corrections, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending that Defendant's motion to dismiss be granted. For the reasons set forth below, the Court adopts the Report and Recommendation.

I. **Background**

Plaintiff was an inmate at Ridgeland Correctional Institution ("RCI") when he filed the present action was filed. He alleges that he is in imminent danger of serious injury or death from two other inmates at RCI, and on December 16, 2016 he filed the present action for injunctive relief under § 1983. For relief, Defendant "would like for this court to move forth with an lawsuit and immediately ask for an separation from this institutional away from the other two inmates, also look into this matter at hand." (Dkt. No. 1 at 5.) The complaint asserts no claim for money damages. Defendant represents that Plaintiff was transferred to Turbeville Correctional Institution ("TCI") on December 21, 2016 (which was before service of the complaint in this action). The two allegedly threatening inmates whom Defendant complains of remain at RCI.

II. **Discussion**

As the Magistrate Judge determined, Plaintiff's transfer to TCI moots this action. "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claim for injunctive

and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) (citations omitted). Defendant does not argue that injunctive relief is not moot. Rather, he opposes the motion to dismiss and objects to the Report and Recommendation by attempting to assert a claim for money damages for injuries allegedly caused by inmates at RCI. (Dkt. Nos. 18, 22.) But as the Magistrate Judge determined, the sole Defendant in this action has Eleventh Amendment immunity from any claim for money damages. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67 (1989). Plaintiff must seek money damages from the State of South Carolina in the South Carolina courts, not federal court.

Further, "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984). The Magistrate Judge observed that Plaintiff might be attempting to assert a failure-to-protect case under § 1983, and in the Report and Recommendation explained to Plaintiff that to bring a § 1983 action he must move, by June 22, 2017, to amend his complaint to name persons as defendants, not the state or its departments. (Dkt. No. 20 at 5.) Plaintiff was informed that a motion to amend must include a proposed amended complaint and proposed service documents (*id.*), but he filed no such motion.

### III. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as the Order of the Court, **GRANTS** the motion to dismiss, and **DISMISSES AS MOOT** this action.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

June 3͞ 2017
Charleston, South Carolina

-2-